IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| GALINDO SAMUEL MORALES GOMEZ,<br>*Petitioner*,<br><br>v.<br><br>TODD M. LYONS, *et al*.,<br>*Respondents*. | 1:26-cv-1385-MSN-LRV |

## ORDER

Galindo Samuel Moralez Gomez ("Petitioner") has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that the revocation of his (post-final order of removal) order of supervision was improper and that Federal Respondents cannot effect third country removal to Mexico without first affording him immigration judge review of an asylum officer's negative fear determination, such that his current detention violates the Immigration and Nationality Act, its regulations, and his due process rights.

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. In response to the Court's Order of May 22, 2026 (ECF 2), Federal Respondents have opposed the Petition. ECF 4. For the following reasons, the Court will GRANT the Petition and order that Petitioner be immediately released from immigration detention.

## I.    BACKGROUND

Petitioner is a citizen of Guatemala. ECF 1 ¶ 33. He entered the United States in 1997, and received a final order of removal as well as withholding of removal to Guatemala from an

immigration judge in December 2017.[1] *Id*. ¶ 34. Following the immigration judge's ruling, Petitioner was detained by ICE, which requested that El Salvador, Honduras, and Mexico accept Petitioner for third-country removal, but all three countries declined and on March 15, 2018, Petitioner was released from detention on an order of supervision. ECF 4-2 ¶ 11. Petitioner appeared for ICE check-ins and complied with his reporting obligations. ECF 1 ¶ 37. On May 6, 2026, Petitioner appeared for a routine ICE check-in and was detained and transferred to the Farmville Detention Center. *Id*. ¶ 39. Petitioner was issued a Notice of Removal informing him that he would be removed to Mexico and afforded an informal interview. ECF 4-2 ¶ 12. The next day, on May 7, 2026, ICE revoked Petitioner's order of supervision through a form document which stated "[y]our release has been revoked pursuant to 8 C.F.R. § 241.4(l) [because] . . . . It is appropriate to enforce the removal order against you as ICE has the ability and means to effectuate your removal . . . . Your case is under review for removal to an alternate country." ECF 1-2; ECF 4-2 ¶ 13. Petitioner claimed a fear of being removed to Mexico and was referred for a reasonable fear interview with a USCIS officer, which resulted in a negative determination on May 18, 2026. ECF 1-2; ECF 4-2 ¶ 15. Federal Respondents have not provided Petitioner or the Court with any documentation of Mexico's acceptance, travel documents, or other information or materials regarding their efforts to remove Petitioner to Mexico, ECF 1 ¶ 46, but declare that, "[a]t this time, the only legal impediment to the prompt transfer and presentation of Petitioner to Mexico for acceptance is the pending habeas case." ECF 4-2 ¶ 16.

## II.   DISCUSSION

Petitioner avers that his current detention is unlawful for two reasons. First, he argues that Federal Respondents have redetained him without properly revoking his order of supervision. ECF

---

[1]   Both the government and petitioner waived appeal of the immigration judge's order. ECF 4-2 ¶ 8.

¶ 5. Second, Petitioner insists that he cannot be removed to Mexico until he is permitted review of the USCIS asylum officer's negative fear determination. *Id*. ¶ 6. Federal Respondents reject these points but concede that "other jurists of this Court have rejected their arguments" and they "respectfully reserve such arguments for appeal if authorized by the Solicitor General." ECF 4 at 2 n.1.

As this Court has previously recognized, 8 C.F.R. § 241.4(l)(2) permits ICE district directors to "revoke release of an alien, when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate commissioner." *Miralda-Lopez v. Lyons*, ECF 8 at *7, No. 1:26-cv-317-MSN-IDD (E.D. Va. March 11, 2026); *Dong Lu v. Noem*, ECF 8 at *9, No. 1:26-cv-390-MSN-IDD (E.D. Va. March 2, 2026). Here, ICE district director Robert Guadian signed the Notice of Revocation of Release issued to Petitioner. ECF 1-2. But where there is "no indication that [the district director] determined that revocation was in the public interest or that circumstances do no reasonably permit referral of the case to the Executive Associate Commissioner," revocation does not comply with the regulations and thus amounts to a due process violation by way of the *Accardi* doctrine. *Id*.; *see also Miralda-Lopez*, ECF 8 at *7 (citing *Serpas v. Simon*, ECF 15, No. 1:25-cv-2369-AJT-WBP (E.D. Va. Feb 3, 2026)) ("The requirement that a senior official make the determination to revoke release—that is, to restrict a person's liberty—is not merely a housekeeping requirement but instead part of a procedural framework, designed to ensure the fair processing of an action affecting an individual, a violation of which can be deemed to be prejudicial and thus to implicate due process."). That principle squarely applies to Petitioner's case, as Guadian's notice says nothing as to the public interest or feasibility of referral to the Executive Associate Commissioner, "[a]nd although [Federal] Respondents could well have made such a determination, the Court

cannot infer that to be the case—nor is it required to do so—where the regulations require such a determination." *Serpas*, ECF 15 at *10.  The revocation of Petitioner's order of supervision was thus impermissible, which compels his immediate release.

Additionally, considerations of constitutional due process and the plain text of the applicable regulations also compel the conclusion that Petitioner be afforded the opportunity to seek immigration judge review of his negative fear determination pursuant to 8 C.F.R. §§ 208.31, 1208.31. *Garcia-Rivera v. Noem*, ECF 6 at *5-6, No. 1:26-cv-229-MSN-WBP (E.D. Va. March 2, 2026) (citing *Serpas*, ECF 15 at 15). This is particularly so, given that while Federal Respondents insist that Petitioner may "seek IJ review of his negative fear determination pursuant to a motion to reopen" his removal proceedings, ECF 4 at 23 & n.8, an immigration judge has already denied Petitioner's motion to reopen on May 19, 2026. ECF 4-2 ¶ 14; *Serpas*, ECF 15 at 15 ("the Government must actually reopen proceedings so that the petitioner has a fair and adequate opportunity to be heard"). Thus, Petitioner cannot be removed to Mexico until he is afforded immigration judge review of his negative fear determination.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property; and it is further

ORDERED that Petitioner's order of supervision be RESTORED immediately and may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4; and it is further

ORDERED that Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are

ENJOINED from removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to Mexico; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

_____/s/_____
Michael S. Nachmanoff
United States District Judge

June 11, 2026
Alexandria, Virginia